1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

SOUTHERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| STEVEN PETERSEN,<br>CDCR #BC-2040,<br><br>                      Plaintiff,<br><br>        vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>                  Defendants. | Case No.: 3:18-CV-2473 JLS (MSB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 2) |

11
12
13
14
15
16
17
18

19       Plaintiff Steven Petersen, currently incarcerated at Richard J. Donovan Correctional
20 Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights
21 Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl.").

22       Plaintiff claims the California Department of Corrections and Rehabilitation
23 ("CDCR"), RJD, and several RJD correctional and medical officials acted with deliberate
24 indifference to his serious medical needs and physical disability in December 2017, when
25 they housed him on an upper tier contrary to a previously-issued doctor's order requiring
26 both a lower-tier and lower-bunk housing assignment. *Id.* at 1, 9–16. Plaintiff was injured
27 after attempting to navigate the stairs as a result. *Id.* at 11. He claims that Defendants'
28 actions violated the Eighth Amendment; violated the Americans with Disabilities Act, 42

1

U.S.C. §§ 12101 *et seq.*; violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and amounted to negligence under California law. *Id.* at 9–16. Plaintiff further alleges to have exhausted all available administrative remedies, including a state tort claim, prior to filing suit. *Id.* at 4, 7. He seeks declaratory and injunctive relief, as well as nominal, compensatory, and punitive damages. *Id.* at 18–19.

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("Mot.").

I.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A prisoner who is granted leave to proceed IFP, however, remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King* ("*King*"), 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate and a copy of his CDCR Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint. *See* ECF No. 3 at 1–4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *King*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of $19.60, and had an average monthly deposit of $14.15, but also had a balance of only $0.15 to his credit at the time of filing. *See* ECF No. 3 at 1, 3.

Based on this accounting, the Court assesses an initial partial filing fee of $3.92 pursuant to 28 U.S.C. §§ 1915(a)(1) and (b)(1), but also notes Plaintiff may have insufficient funds with which to pay that initial fee at the time this Order issues. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2); declines to exact the initial filing fee assessed by this Order because his trust account statements suggest he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629; and instead directs the Acting Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

/ / /

## II.    INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) ("[The Court] ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to

4

construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")
(citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

As currently pleaded, the Court finds that Plaintiff's Complaint contains factual allegations sufficient to overcome the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Wilhelm*, 680 F.3d at 1123; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (holding that, to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability"); *Ramos v. Monteiro*, No. CV 06-0832-GAF (JTL), 2009 WL 1370998 at *14-15 (C.D. Cal. May 14, 2009) (finding prisoner had adequately alleged that, based on his medical condition, that an upper bunk posed a substantial risk to his safety to support a claim of deliberate indifference); *Lewis v. Endell*, No. 2:08-cv-00157-RLH-PAL, 2008 WL 4866316 at *6 (D. Nev., Nov. 7, 2008) (finding it clearly established, for purposes of qualified immunity, that the failure to move an inmate with a seizure disorder to a lower bunk for seven months constituted deliberate indifference) (citing *Estelle*, 429 U.S. at 99); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

---

[2] Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

3:18-CV-2473 JLS (MSB)

Accordingly, the Court will direct the U.S. Marshal to effect service upon the named Defendants on Plaintiff's behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## III.   CONCLUSION

Based on the foregoing, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.     **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

---

[3] Plaintiff also includes "C/O Doe 1," "C/O Doe 2," "Doe Sgt." and "Doe Defendants 1-10" as parties to this action. *See* Compl. at 8, 9. Plaintiff, however, must identify these purported parties and substitute the individual persons in place of each unnamed Doe by amending his pleading to name each of them before the United States Marshal will be ordered and/or able to execute service upon any of them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 90 days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and, in most instances, it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (recognizing that, to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. CV 18-00249 DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that, "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant"). The Court will not, however, *sua sponte* dismiss the unnamed Does at this time because, where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

3:18-CV-2473 JLS (MSB)

1    3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz,

2  Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California,  94283-0001.

3    4.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No.

4  1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants

5  CDCR, RJD Correctional Facility, E. Velasco, Dr. Deel, Dr. Martin, and Dr. Silva.  In

6  addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy

7  of his Complaint, and the summons so that he may serve these Defendants.  Upon receipt

8  of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately

9  as possible, *include an address where each named Defendant may be found and/or subject*

10 *to service*, and return the completed Form 285s to the United States Marshal according to

11 the instructions the Clerk provides in the letter accompanying his IFP package.

12    5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons

13 upon the named Defendants as directed by Plaintiff on the Form 285s provided to him.  All

14 costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed.

15 R. Civ. P. 4(c)(3).

16    6.    **ORDERS** Defendants, once they have been served, to reply to Plaintiff's

17 Complaint within the time provided by the applicable provisions of Federal Rule of Civil

18 Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be

19 permitted to "waive the right to reply to any action brought by a prisoner confined in any

20 jail, prison, or other correctional facility under section 1983," once the Court has conducted

21 its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has

22 made a preliminary determination based on the face on the pleading alone that Plaintiff has

23 a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

24    7.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

25 serve upon Defendants or, if appearance has been entered by counsel, upon Defendants'

26 counsel a copy of every further pleading, motion, or other document submitted for the

27 Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must

28 include with every original document he seeks to file with the Clerk of the Court a

3:18-CV-2473 JLS (MSB)

certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon Defendants may be disregarded.

    **IT IS SO ORDERED**.

Dated: January 28, 2019

Hon. Janis L. Sammartino
United States District Judge