1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PETERSEN, CDCR #BC-2040,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS &<br>REHABILITATION, et al.,<br><br>                                    Defendants. | Case No.: 18-CV-2473 JLS (MSB)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND (2) ORDERING PLAINTIFF TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED**<br><br>(ECF No. 16) |

Presently before the Court is Defendants M. Deel, J. Silva, B. Martin (collectively, the "Doctor Defendants"), and E. Velasco's (all together, "Moving Defendants")[1] Motion to Dismiss Plaintiff's First Amended Complaint ("Mot.," ECF No. 16).  Plaintiff has not filed a response to Moving Defendants' Motion.[2]  The Court took this matter under

---

[1] Although Plaintiff also brings claims against the California Department of Corrections and Rehabilitation and the Richard J. Donovan Correctional Facility, those defendants have not been properly served, *see* ECF Nos. 7, 12, and accordingly this Motion is not joined by them.

[2] Pursuant to Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file papers in the matter required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court."  The Ninth Circuit has held that a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion

1

submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 18.  Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 14), Moving Defendants' arguments, and the law, the Court **GRANTS** Moving Defendants' Motion.  The Court further **ORDERS** Plaintiff to show cause why the unserved defendants in this case should not be dismissed.

### FACTUAL BACKGROUND[3]

Plaintiff Steven Petersen, a prisoner incarcerated at the Richard J. Donovan Correctional Facility ("Donovan") proceeding pro se, sues Moving Defendants for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment under Section 1983 of Title 42 of the United States Code.  *See* FAC ¶¶ 3, 56–59.  Plaintiff also asserts claims for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, *see* FAC ¶¶ 60–63; violation of the Rehabilitation Act, 29 U.S.C. § 794, *see* FAC ¶¶ 60–63; and negligence under California state law, *see* FAC ¶¶ 64–66.

On February 14, 2017, a physician's assistant at North Kern State Prison diagnosed Plaintiff as mobility impaired and requiring a walker.  FAC ¶¶ 11–12.  "A permanent lower bunk/lower tier accommodation was documented on a CDCR 128 C3 Medical Classification Chrono dated February 14, 2017."  *Id. ¶* 12.  That same day, Plaintiff was issued a wheelchair in place of a walker.  *Id.* ¶ 13.

Plaintiff was transferred to Donovan in September 2017 and was assigned a lower-tier cell in Facility D.  *Id.* ¶ 14.  In November 2017, Plaintiff substituted a walker for his wheelchair due to Facility D's wheelchair restrictions, and Plaintiff's medical classification remained unchanged.  *Id.* ¶ 15.

---

for failure to oppose the motion.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Here, the Court finds that Plaintiff's pro se and incarcerated status warrants deciding the Motion on the merits.

[3] The facts alleged in Plaintiff's First Amended Complaint are accepted as true for purposes of Moving Defendants' Motion.  *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

18-CV-2473 JLS (MSB)

On December 4, 2017, the Doctor Defendants met to discuss Plaintiff's mobility accommodations. *Id.* ¶ 53. Plaintiff's medical accommodation paperwork was not updated. *See id.* ¶ 54.

On December 8, 2017, Defendant John Doe #3 ordered Plaintiff to move to an upper-tier cell. *Id.* ¶ 16. Plaintiff objected to the move and informed Defendant John Doe #3 that Plaintiff was mobility impaired; used a walker; and had a lower-bunk, lower-tier medical classification. *Id.* ¶ 17. After confirming the order with Defendant Sergeant John Doe #1, *see id.* ¶ 19, Defendant John Doe #3 informed Plaintiff that Defendant Sergeant John Doe #1 stated that Plaintiff's medical classification had expired and that Plaintiff's cell was needed for another inmate, *see id.* ¶ 20. Defendant Sergeant John Doe #2 then told Plaintiff that Plaintiff's medical classification had expired, that Plaintiff's cell was needed, and that "Plaintiff 'WILL' move or he would not like what would follow if he didn't." *Id.* ¶ 23. Plaintiff interpreted Defendant Sergeant John Doe #2's comment as "intimidation through threats of violence." *Id.* ¶ 24.

Plaintiff moved to the upper tier with assistance from the housing unit porters, *see id.* ¶ 25, and experienced difficulties and extreme pain while ascending the stairs, *see id.* ¶ 26. The next day, Plaintiff was unable to attend dayroom, yard, shower, and meals without pain and discomfort while going up or down the stairs. *Id.* ¶ 27. On December 10, 2017, after not eating for nearly forty-eight hours, Plaintiff tried to descend the stairs to attend breakfast. *Id.* ¶ 28–29. Plaintiff's knee and back gave out, and Plaintiff fell down the stairs. *See id.* ¶ 30. Plaintiff felt a tear in his knee, and something popped in Plaintiff's back. *Id.* ¶ 31.

Defendant E. Velasco, the corrections officer charged with monitoring the morning meal release, witnessed Plaintiff fall. *Id.* ¶ 32. Defendant Velasco then pushed an alarm button and announced a medical emergency over the radio. *Id.* ¶ 33. The prison ambulance transported Plaintiff to the prison's treatment triage area. *Id.* ¶ 34.

Once there, Defendant Dr. Martin treated Plaintiff and ordered medication and x-rays for Plaintiff. *See id.* ¶ 35. Plaintiff told Dr. Martin that he fell down the stairs because

3

he requires a walker but was no longer in a lower-tier cell. *See id.* ¶ 36. Plaintiff asked Dr. Martin to verify that Plaintiff's lower-tier medical classification was still valid and to prepare new medical classification paperwork if not. *Id.* ¶ 37. Dr. Martin agreed that Plaintiff should not be housed on the upper tier. *Id.* ¶ 38. Nonetheless, Dr. Martin said that he lacked the authority to prepare the paperwork and that he was unable to research Plaintiff's medical history because he was the only doctor on call. *Id.* However, "Dr. Martin has the authority and obligation to write any order necessary for the Plaintiff's care and treatment per CDCR and California Correctional Health Care Services (CCHCS) policies and procedures." *Id.* Dr. Martin then released Plaintiff back to the housing unit. *Id.* ¶ 39.

Upon arrival at the housing unit, Plaintiff told Defendants John Doe #3 and John Doe #4 that he was disabled, required a walker, and had been injured falling down the stairs. *Id.* ¶ 40. Plaintiff offered to show Defendants John Doe #3 and John Doe #4 his medical classification paperwork documenting his lower-tier, lower-bunk requirement. *Id.* ¶ 41. Defendants John Doe #3 and John Doe #4 "declined the offer." *Id.* ¶ 42. Defendants John Doe #3 and John Doe #4 then denied Plaintiff's request for a temporary lower-tier assignment pending a medical review, indicating "they did not do convenience moves." *Id.* ¶¶ 43–44. Defendants John Doe #3 and John Doe #4 "suggested Plaintiff ask a couple of inmates to carry him up the stairs." *Id.* ¶ 46. Plaintiff refused to return to his upper-tier cell and was placed in handcuffs and escorted to a holding cell as a result. *Id.* ¶¶ 47–48. Plaintiff was subsequently placed in administrative segregation. *Id.* ¶ 49.

The next day, on December 11, 2017, Facility D's captain interviewed Plaintiff about his placement in administrative segregation. *Id.* ¶ 50. The captain informed Plaintiff that he should not have been moved from the lower tier or placed in administrative segregation. *Id.* ¶ 51. He was released from administrative segregation and moved to a lower bunk and lower tier in Facility B. *Id.* ¶ 52.

/ / /

/ / /

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROCEDURAL HISTORY

Plaintiff filed his initial complaint on October 27, 2018, *see* ECF No. 1, as well as a motion to proceed *in forma pauperis* ("IFP"), *see* ECF No. 2.  On January 28, 2019, the Court issued an order granting Plaintiff's IFP motion and *sua sponte* screening Plaintiff's complaint in accordance with Sections 1915(e)(2)(B) and 1915A(b) of Title 28 of the United States Code.  *See generally* ECF No. 5.  Having concluded that "Plaintiff's Complaint contains factual allegations sufficient to overcome the 'low threshold' set for *sua sponte* screening," *id.* at 5 (citations omitted), the Court directed the U.S. Marshal to serve Plaintiff's complaint on Defendants, *see id.* at 7.  Waivers of service were returned executed for all named Defendants save the California Department of Corrections and Rehabilitation ("CDCR") and Donovan, *see* ECF Nos. 7–12, and on April 23, 2019, Moving Defendants moved to dismiss the complaint, *see* ECF No. 13.

On May 17, 2019, Plaintiff filed the operative FAC.  *See* ECF No. 14.  Accordingly, the Court denied without prejudice as moot Moving Defendants' motion to dismiss the original complaint.  *See* ECF No. 15.  Subsequently, on June 24, 2019, Moving Defendants filed the instant Motion.  *See* Mot.  On July 9, 2019, Plaintiff moved for a forty-five-day extension to respond to Moving Defendants' Motion, *see* ECF No. 17, and the Court granted the extension, requiring Plaintiff to file his opposition on or before September 12, 2019, *see* ECF No. 18.  On September 16, 2019, Plaintiff moved for a second forty-five-day extension to respond to Moving Defendants' Motion, *see* ECF No. 19, and the Court granted the extension, ordering Plaintiff to file his opposition on or before March 23, 2020, *see* ECF No. 20.  Despite the two extensions of time, Plaintiff has not filed a response in opposition to Moving Defendants' Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).   A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).   That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*   Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).   This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)).   Moreover, "[a] document filed *pro se* is to be liberally construed,

6

and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice")); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *Iqbal* did not alter the "obligation" to construe pro se pleadings liberally).

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

As relevant to the present Motion, Plaintiff's FAC asserts four claims against all Moving Defendants: (1) an Eighth Amendment claim for deliberate indifference to Plaintiff's medical need; (2) an ADA claim; (3) a Rehabilitation Act claim; and (4) a negligence claim under California law. *See generally* FAC. Moving Defendants contend that the Court must dismiss all of Plaintiff's claims against them because Plaintiff fails to state any claim on which relief may be granted. *See* Mot. at 2. Accordingly, the Court will analyze the sufficiency of each claim in turn.

## I.   Deliberate Indifference to Serious Medical Need

Plaintiff alleges that Moving Defendants "acted with deliberate indifference to the personal security and serious medical condition of Plaintiff" in violation of his Eighth Amendment rights. FAC ¶¶ 58–59. Moving Defendants argue that Plaintiff fails to allege that Defendant Velasco knew of, and intentionally disregarded, a serious threat of harm to Plaintiff. *See* ECF No. 16-1 ("Mot. Mem.") at 12. Moving Defendants further argue that, even if Plaintiff told Defendant Velasco of his medical accommodation, correctional staff, including Defendant Velasco, subjectively believed it had already expired. *See id.* Moreover, because Defendant Velasco is not a medical professional, he was not qualified

to verify Plaintiff's medical claims and acted reasonably. *See id.* at 13. Finally, Moving Defendants argue that Plaintiff fails to allege that the Doctor Defendants had the subjective intent required to violate Plaintiff's Eighth Amendment rights. *See id.* at 15.

To plead a claim for deliberate indifference to serious medical need, a plaintiff must allege facts that show (1) the plaintiff's serious medical need, and (2) the defendant's deliberate indifference to that need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prison official exhibits deliberate indifference by knowing of and disregarding a substantial risk of serious harm to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). The official must know of "facts from which the inference could be drawn" that "a substantial risk of serious harm exists," and he must, in fact, draw that inference. *Id.*

Here, Plaintiff alleges that Defendant Velasco witnessed Plaintiff fall and called for medical assistance. *See* FAC ¶¶ 32–33. Based on these allegations, Defendant Velasco responded reasonably to Plaintiff's medical need and was not deliberately indifferent. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017–18 (9th Cir. 2006) (holding that deliberate indifference requires the plaintiff to show the official was subjectively aware of the serious medical need and failed to adequately respond), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 106 (9th Cir. 2016) (en banc).

Further, Plaintiff alleges that Dr. Martin incorrectly believed he lacked authority to order Plaintiff's accommodation, and that time constraints also prevented Dr. Martin from doing so. *See* FAC ¶¶ 38–39. These allegations likewise are insufficient to plead deliberate indifference. *See Jett*, 439 F.3d at 1096 ("[A]n inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983."). Similarly, Plaintiff does not allege sufficient facts to show that the Doctor Defendants intentionally disregarded a serious threat to Plaintiff by not updating his medical accommodation after their meeting on December 4, 2017; rather, Plaintiff and the Doctor Defendants seem to have had a nonactionable difference of opinion as to his medical condition. *See* FAC ¶¶ 53–54; *see also Toguchi v. Chung*, 391 F.3d 1051, 1059 (9th Cir. 2004) ("[T]here must be a conscious disregard of a serious risk of harm for deliberate indifference to exist.");

8

*Franklin v. Oregon, State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim.").  The allegations that Moving Defendants acted with "deliberate indifference," FAC ¶ 58, and that Moving Defendants "acted knowingly, willfully, maliciously, and with reckless or callous disregard of Plaintiff's federally protected rights," *id.* ¶ 59, are mere legal conclusions not entitled to an assumption of truth without support from further factual allegations that state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678–79.

Accordingly, Plaintiff fails to allege sufficient facts to state a claim for deliberate indifference against Moving Defendants.  The Court therefore **GRANTS** Moving Defendants' Motion as to this claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for deliberate indifference to serious medical need as to Moving Defendants.

## II.   Violations of the Americans with Disabilities Act and/or Rehabilitation Act

Plaintiff alleges that Moving Defendants

> denied and excluded Plaintiff from meals, yard, showers, and safety, when they deliberately moved Plaintiff to the upper tier, knowing Plaintiff was a protected class member, and failing to accommodate Plaintiff accordingly . . . in violation of the Americans with Disabilities Act Title II and the Rehabilitation Act Section 54.

FAC ¶ 62.  Moving Defendants argue that Plaintiff fails to allege that Plaintiff's upper-tier assignment was "by reason" of his disability.  *See* Mot. Mem. at 17.  Moving Defendants further argue that Plaintiff fails to allege that the Doctor Defendants intentionally discriminated against Plaintiff as required to recover monetary damages under Title II.  *See id.*; *see also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) ("To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant.").

/ / /

Title II of the ADA prohibits a public entity from discriminating against a qualified individual based on disability.  *See* 42 U.S.C. § 12132; *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).  It is well settled that,

> [t]o state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Weinreich*, 114 F.3d at 978).  Similarly, to bring suit under section 504 of the Rehabilitation Act, the plaintiff must show that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  *Duvall*, 260 F.3d at 1135 (citing *Weinreich*, 114 F.3d at 978).

Here, Plaintiff fails to allege that Moving Defendants were responsible for his transfer to the upper tier.  *See generally* FAC ¶¶ 16–23.  Further, Plaintiff fails to allege that the transfer was made by reason of his disability, instead alleging that Defendants "fail[ed] to accommodate Plaintiff accordingly."  *Id.* ¶ 62.  Thus, Plaintiff's allegations are insufficient to state a claim under either the ADA or the Rehabilitation Act.  *See Simmons*, 609 F.3d at 1022 ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

Accordingly, the Court **GRANTS** Moving Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim under the ADA and the Rehabilitation Act as to Moving Defendants.

/ / /

/ / /

## III.    Negligence

Finally, Plaintiff alleges that Moving Defendants' negligent actions were the legal and proximate cause of Plaintiff's worsened back and knee issues, which resulted in great mental and physical pain.  *See* FAC ¶¶ 65–66.  Moving Defendants argue that Plaintiff fails to allege that Defendant Velasco owed a duty to Plaintiff, *see* Mot. Mem. at 14, and that Plaintiff fails to allege how any Moving Defendant breached a duty owed to Plaintiff.  *See id.* at 14, 16.  However, regardless of whether Plaintiff has sufficiently alleged the elements of a claim for negligence, the Court has discretion to decline to exercise jurisdiction over Plaintiff's state law negligence claim.

Pursuant to Section 1367(a) of Title 28 of the United States Code, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1996).

Here, in light of the Court's dismissal of all the federal claims over which it has original jurisdiction, the Court, in its discretion, declines to exercise jurisdiction over Plaintiff's sole remaining claim for violation of state law.  The Court therefore **GRANTS** Moving Defendants' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's negligence claim as to Moving Defendants.

/ / /

/ / /

11

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Moving Defendants' Motion (ECF No. 16) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Moving Defendants. Plaintiffs **MAY FILE** an amended complaint <u>within forty-five (45) days</u> of the date of the electronic docketing of this Order. Should Plaintiff elect to file a second amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior complaint. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the second amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). ***Failure to file a second amended complaint within forty-five (45) days of the electronic docketing of this Order will result in dismissal with prejudice of all claims asserted against Moving Defendants.***

Further, as noted above, neither proof of service nor executed waivers of service have been filed for CDCR and Donovan. Federal Rule of Civil Procedure 4(m) requires that a summons and complaint be served "within 90 days after the complaint is filed." If a plaintiff fails to serve a defendant with the summons and complaint within 90 days, the court may dismiss the action without prejudice as to that defendant after notice to the plaintiff. *Id.* This Order to Show Cause constitutes notice to Plaintiff that the Court will dismiss this action without prejudice as to CDCR and Donovan on <u>January 26, 2021</u>, unless, no later than that date, Plaintiff files either (1) proof that service of the summons and complaint was timely effectuated on CDCR and Donovan, or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon them, accompanied by a motion for leave to service process outside of the 90-day period.

**IT IS SO ORDERED.**

Dated: December 11, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

12